# In the United States Court of Federal Claims

| | |
|---|---|
| DANIELLE STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 22-cv-1596<br><br>Filed: March 29, 2023 |

*Danielle Stephens*, Tulsa, Oklahoma, appearing *pro se*.

*Kelly A. Krystyniak*, United States Department of Justice, Washington, D.C., appearing for Defendant.

### MEMORANDUM AND ORDER

Plaintiff Danielle Stephens, appearing *pro se*, seeks redress against the United States for various claims including alleged improper disclosure of contract terms, violations of her constitutional rights, violations of criminal law, fraud, and multiple statutory violations. *See* Complaint (ECF No. 1) (Compl.) at 1–5; Plaintiff's Response to Motion to Dismiss Pursuant to Rule 12(b)(1) (ECF No. 8) (Resp.) at 1–6.[1] Presently before the Court is the United States' (Defendant's) Motion to Dismiss the Complaint (Motion to Dismiss) pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rule(s)). ECF No. 7 (Mot.). Defendant contends this Court lacks subject matter jurisdiction over Plaintiff's claims. Mot. at 1, 3. For the reasons stated below, this Court agrees and **GRANTS** Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(h)(3).

---

[1] Citations throughout this Memorandum and Order reference the ECF page numbers.

## BACKGROUND

In December 2019, Plaintiff entered into a "Retail Installment Sale Contract" (sale contract) with Regional Hyundai in Broken Arrow, Oklahoma for the purchase of a vehicle. ECF No. 1-1 (Ex.) at 13–15. This sale contract provided Regional Hyundai a security interest in "[t]he vehicle and all parts or goods put on it" in order to secure payment of Plaintiff's obligations under the contract. *Id*. at 15. While Plaintiff's Complaint characterizes the sale contract as being between her and Defendant United States, the terms of the sale contract make clear Plaintiff and Regional Hyundai are the only two parties to the agreement. Ex. at 13–14. Plaintiff states she became ill one year after purchasing the vehicle and her payments subsequently "became delinquent." Compl. at 3.

On October 15, 2021, Plaintiff filed suit against Regional Hyundai and TTCU Federal Credit Union in the United States District Court for the Northern District of Oklahoma (District Court), alleging Regional Hyundai and TTCU Federal Credit Union used Plaintiff's "identity to obtain a 'loan' without [her] consent." Ex. at 6, 9. While the case was pending before the District Court, Plaintiff alleges Defendant "submitted to have [her] vehicle repossessed." Compl. at 4. The District Court dismissed Plaintiff's case on August 5, 2022. *Stephens v. Reg'l Hyundai, LLC*, No. 21-CV-0414-CVE-SH, 2022 WL 3139749, at *4 (N.D. Okla. Aug. 5, 2022); *see* Compl. at 3–4. On October 19, 2022, a tow truck — which Plaintiff believes was sent by the United States — removed the vehicle from Plaintiff's driveway. Compl. at 4; *see also* Ex. at 17–21, 34 (providing "ring.com" photographs dated October 19, 2022 that show a tow truck removing a vehicle from a driveway). Plaintiff alleges "[a] device must have been used to block my wifi because my Ring device did not notify me until it [the tow truck] was driving off with my vehicle." Compl. at 4; *see also* Ex. at 17–21, 34.

2

Additionally, Plaintiff alleges Defendant "sent a letter to the Plaintiff stating that if the Plaintiff didn't pay the alleged balance that it would close down the Plaintiff['s] checking account," and ultimately did so.  Compl. at 4.  Plaintiff's Complaint does not provide a copy of any communications allegedly sent to Plaintiff by Defendant.  In response to the alleged letter from Defendant, Plaintiff claims to have "sent a letter to the United States to state that the Plaintiff disapproves of its actions etc," a copy of which Plaintiff's Complaint cites and includes as an exhibit.  Compl. at 4; Ex. at 25, 32.  Despite Plaintiff's characterization, the exhibit clearly reflects that Plaintiff sent her correspondence to TTCU Federal Credit Union rather than to Defendant.  *Compare* Compl. at 4 (stating Plaintiff sent a letter to the United States and citing to Ex. at 32), *with* Ex. at 32 (providing a screenshot of a message sent by Plaintiff to TTCU Federal Credit Union on October 10, 2022).

Plaintiff filed her Complaint (ECF No. 1) in the present case on October 24, 2022, bringing suit against the United States for alleged improper disclosure of contract terms, fraud, violations of her constitutional rights under several provisions of the United States Constitution — including Article I and the First, Fourth, Tenth, Eleventh, and Thirteenth Amendments — and violations of 15 U.S.C. § 78ff, 42 U.S.C. § 1985, 15 U.S.C. § 1692(e), 18 U.S.C. § 1341, 28 U.S.C. § 1359, 18 U.S.C. § 1512, 18 U.S.C. § 242, and 18 U.S.C. § 1961.  *See generally* Compl.; Resp.  As relief, Plaintiff requests damages totaling over $34,000,000, the return of her vehicle, and that her checking account be "restored and line of credit reopened to $25,000.00 a month and any balance[] used cleared on the 10th of the month."  Compl. at 4–5.

On December 23, 2022, Defendant filed a Motion to Dismiss (ECF No. 7), arguing this Court lacks subject matter jurisdiction to hear Plaintiff's claims as she "fails to plead the requirements for a contract with the United States" and does not invoke a money-mandating

3

statute. Mot. at 1–2. Additionally, Defendant notes the exhibits attached to Plaintiff's Complaint demonstrate Plaintiff contracted with a "private business" and communicated with TTCU Federal Credit Union, refuting Plaintiff's statements that she contracted with and subsequently communicated with Defendant regarding her vehicle and bank account. *Id.* at 2–3.

Plaintiff filed her "Response to Motion to Dismiss" (Response) on January 3, 2023, stating,

> whereas this Court has jurisdiction under 15 U.S.C. 1681(p) of the FDCPA and TILA pursuant to 28 U.S.C. 1331 and 28 U.S.C.S. 1346(a)(1) & (b)(1). Venue is proper pursuant to 28(b) as the conduct giving rise to this action occurred in this judicial district. Any law incomplete is et seq.

Resp. at 1. In addition to these jurisdictional arguments, the Response's "Facts" section includes new claims of alleged statutory violations by Defendant that were not included in Plaintiff's Complaint. *See* Resp. at 1–5. Defendant filed its reply on January 20, 2023, asserting "Ms. Stephens fails to set forth the basis for the Court's jurisdiction over her claims, as required by law," and that her Complaint should thus "be dismissed for lack of subject matter jurisdiction." Defendant's Reply in Support of Its Motion to Dismiss the Complaint (ECF No. 11) at 1–2.

On January 18, 2023, Plaintiff filed a document this Court liberally construed as a Motion for Entry of Default and for Default Judgment under Rule 55 (Plaintiff's Default Motion), contending that Defendant was in default because it allegedly did not timely respond to her Complaint. ECF Nos. 9–10. This Court noted Defendant's timely filing of its Motion to Dismiss and denied Plaintiff's Default Motion on January 23, 2023. Order Denying Plaintiff's Motion for Entry of Default and for Default Judgment (ECF No. 12).

On February 7, 2023, Plaintiff filed a Motion to Strike and for Alternative Claims (Motion to Strike), requesting this Court "strike the appearance and all filings by the unauthorized attorney[s] purporting to represent the United States in this case." ECF No. 13 at 1. This Court denied Plaintiff's Motion to Strike on February 10, 2023, noting Defendant's attorney of record is

4

an attorney with the United States Department of Justice who may conduct this case per 28 U.S.C. § 516.  Order Denying Plaintiff's Motion to Strike and for Alternative Claims (ECF No. 14).

## APPLICABLE LEGAL STANDARD

The Tucker Act, 28 U.S.C. § 1491, provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create a right to relief itself.  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983).  To establish a right to relief under the Tucker Act, a "substantive right must be found in some other source of law."  *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself.").  The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained."  *United States v. Testan*, 424 U.S. 392, 400 (1976) (internal quotations omitted).  Thus, this Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation."  *Mitchell*, 463 U.S. at 216.  Additionally, this Court's jurisdiction does not extend to cases against private parties or government employees in their individual capacities.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (discussing how the Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the

United States, not against individual federal officials."). This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3).

In deciding a motion to dismiss for lack of subject matter jurisdiction, this Court accepts all uncontroverted facts as true and construes the facts in the light most favorable to the non-moving party. *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). This Court lacks subject matter jurisdiction over frivolous or objectively unbelievable claims asserting subject matter over which this Court generally has jurisdiction. *See Shelden v. United States*, 742 F. App'x 496, 500 (Fed. Cir. 2018) (explaining that the Court of Federal claims has jurisdiction over a Fifth Amendment takings claim only "when a petitioner asserts a non-frivolous claim"); *Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005) (same); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . is wholly insubstantial and frivolous.").

Under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." RCFC 10(c). Thus, on a motion to dismiss, this Court considers "documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Rocky Mt. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting *Tellabs, Inc.*, 551 U.S. at 322).

In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* plaintiff because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although held to a less stringent standard, *pro se* plaintiffs must still prove by a preponderance of

the evidence that this Court has subject matter jurisdiction.  *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  While a *pro se* complaint may include ambiguities, *pro se* filing status "does not excuse [] failures" on the merits.  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

Plaintiff's Complaint brings claims against Defendant alleging breach of contract, violations of her constitutional rights, violations of criminal law, fraud, and myriad statutory violations.  *See* Compl. at 1–5.  However, this Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, as this Court's jurisdiction does not extend to contract matters where the United States is not a party to the contract, to constitutional claims brought pursuant to non-money-mandating constitutional provisions, to criminal law claims, to tortious fraud claims, or to statutory claims that are not money-mandating.

### I.     Plaintiff's Contract Claim Must Be Dismissed

This Court liberally construes Plaintiff's Complaint to bring a contract claim against Defendant related to the sale contract into which Plaintiff entered to purchase a vehicle from Regional Hyundai.  Compl. at 3–4; Ex. at 2.  Plaintiff's Complaint characterizes the sale contract as being between her and Defendant and alleges Defendant did not fully disclose that the sale contract provided Defendant with a security interest in the vehicle to secure full payment.  *Id.*

This Court has jurisdiction over express and implied-in-fact contract claims against the United States, but such claims require "findings of: 1) mutuality of intent to contract; 2) consideration; [] 3) lack of ambiguity in offer and acceptance;" and 4) "the Government representative 'whose conduct is relied upon must have actual authority to bind the government in

contract.'" *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984)).  Thus, when a plaintiff alleges a contract exists between the plaintiff and the United States but provides "no government statement or action that could plausibly be interpreted as manifesting a government intent to form a contract," this Court lacks jurisdiction over such claims.  *Starrett v. United States*, No. 2022-1555, 2023 WL 152827, at *3–4 (Fed. Cir. Jan. 11, 2023) ("[B]ecause [Plaintiff] does not plausibly allege the existence of an express or implied contract with the United States, the Claims Court lacked subject-matter jurisdiction over the case.").

While Plaintiff's Complaint cites exhibits for her assertion that a contract existed between her and Defendant for the purchase of a vehicle, the cited exhibits disprove that assertion.  For example, the only contract referenced in the Complaint is the sale contract, which was included as an exhibit to the Complaint and clearly lists the parties to the contract as "Danielle Stephens" and "Regional Hyundai" at the top of its first page.  Ex. at 13–15.  Defendant is nowhere listed as a party to the sale contract, and Plaintiff's Complaint does not provide any other statement or action by Defendant "manifesting a government intent to form a contract" such that this Court can infer the existence of one between Plaintiff and Defendant.  *See Starrett*, 2023 WL 152827, at *3.  Therefore, because Plaintiff "does not plausibly allege the existence of an express or implied contract with the United States," this Court lacks subject matter jurisdiction over Plaintiff's contractual claims.  *Id.* at *4.  Furthermore, to the extent Plaintiff alleges a contract claim against Regional Hyundai, this Court similarly lacks jurisdiction over such a claim as its jurisdiction does not extend to claims against parties other than the United States.  *Sherwood*, 312 U.S. at 588.  Accordingly, this Court **DISMISSES** Plaintiff's contract claim for lack of subject matter jurisdiction.

## II.  Plaintiff's Constitutional Claims Must Be Dismissed

This Court must also dismiss Plaintiff's constitutional claims alleging violations of her rights under Article I, the First Amendment, the Fourth Amendment, the Tenth Amendment, the Eleventh Amendment, and the Thirteenth Amendment for lack of subject matter jurisdiction. *See* Compl. at 1–2. To the extent Plaintiff brings a claim under the Fifth Amendment Takings Clause, this Court must dismiss it as well.

The Tucker Act confers subject matter jurisdiction to this Court over money-mandating constitutional claims. 28 U.S.C. § 1491(a)(1). The Federal Circuit has expressly held the Court of Federal Claims lacks jurisdiction over claims arising under the First Amendment, the Fourth Amendment, the Tenth Amendment, and the Thirteenth Amendment, as they are not money-mandating. *See Cooper v. United States*, 771 F. App'x 997, 1000–01 (First Amendment); *Brown v. United States*, 105 F.3d 621, 623–24 (Fed Cir. 1997) (Fourth Amendment); *Patterson v. United States*, 218 F. App'x. 987, 988 (Fed. Cir. 2007) (Tenth Amendment); *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (Thirteenth Amendment). Additionally, neither Article I nor the Eleventh Amendment are considered money-mandating provisions of the Constitution. *See Fisher v. United States*, No. 17-1971C, 2018 WL 1325042, at *3 (Fed. Cl. Mar. 15, 2018) (Article I); *Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007) (Eleventh Amendment). This Court therefore lacks subject matter jurisdiction over Plaintiff's Article I, First Amendment, Fourth Amendment, Tenth Amendment, Eleventh Amendment, and Thirteenth Amendment claims as a matter of law since none of those claims are money mandating.

Plaintiff's Complaint arguably includes a claim under the Fifth Amendment as well. This Court liberally construes Plaintiff's allegations that Defendant "stole" her vehicle and closed her

bank account as attempting to bring a claim under the Takings Clause of the Fifth Amendment.[2] *See* Compl. 3–4.  While this Court generally has jurisdiction over claims arising under the Takings Clause, "subject-matter jurisdiction over such [claims] only exists when a [plaintiff] asserts a non-frivolous claim."  *Shelden*, 742 F. App'x at 500; *see Moden*, 404 F.3d at 1341 (explaining that the Court of Federal Claims has jurisdiction over a Fifth Amendment takings claim only if plaintiffs "have a nonfrivolous takings claim"); *Bell*, 327 U.S. at 682–83 ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . is wholly insubstantial and frivolous."); *Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015) (same).

Claims under the Takings Clause require demonstration of a government action resulting in "a deprivation of property that is authorized by law."  *Orient Overseas Container Line (UK) Ltd. v. United States*, 48 Fed. Cl. 284, 289 (2000); *see also Shelden*, 742 F. App'x at 501.  As such, "[a] claimant must concede the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act."  *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993); *see also Shelden*, 742 F. App'x at 501 ("[T]he Claims Court lacks jurisdiction over takings claims in which the [plaintiff] asserts the subject taking was not authorized.").  Here, Plaintiff both (i) contests the validity of any actions leading to the loss of her vehicle and checking account, and (ii) attaches exhibits to her Complaint clearly demonstrating that private entities — rather than federal government actors — undertook the actions that allegedly deprived her of

---

[2] *See* Compl. at 3 ("[T]he United States conspired with its agencies to defraud the Plaintiff of her rights and property."); *id.* at 4 ("The United States then submitted to have my vehicle repossessed during the tribunal case . . . ."); *id.* ("The United States conspired to repossess the Plaintiff vehicle.  The United States sent a letter to the Plaintiff stating that if the Plaintiff didn't pay the alleged balance that it would close down the Plaintiff checking account.  The United States did just that, closed down the Plaintiff checking account without authorization."); *id.* at 4 ("[A] tow vehicle (the United States sent) stole my vehicle from my home where a No Trespassing sign has been for years.").

10

property.  *See* Compl. at 3–4 (using phrases such as "conspired," "defraud," "without authorization," and "stole" when discussing Defendant's alleged actions related to the loss of Plaintiff's vehicle and checking account); Ex. at 1–36 (providing copies of a contract between Plaintiff and Regional Hyundai, communication between Plaintiff and TTCU Federal Credit Union, and a variety of images related to the repossession of Plaintiff's vehicle).  The Complaint does not reference anything resembling an authorized action by the federal government as the basis for her takings claim; as such, Plaintiff fails to establish this Court's jurisdiction over any intended Fifth Amendment takings claim.  To the extent Plaintiff— whose Complaint and exhibits highlight only actions by private actors — seeks relief against entities other than the United States, this Court lacks jurisdiction to hear such claims.  *See Sherwood*, 312 U.S. at 588.  Accordingly, this Court **DISMISSES** Plaintiff's constitutional claims for lack of subject matter jurisdiction.

> III. <u>**Plaintiff's Criminal Law Claims**</u>

Plaintiff's Complaint also alleges several criminal law claims against Defendant, specifically that Defendant "stole" her vehicle and violated 18 U.S.C. §§ 242, 1341, 1512, 1961, and 15 U.S.C. § 78ff.  Compl. at 2–3.  These claims must be dismissed as it is well established that under the Tucker Act this Court lacks jurisdiction over claims of criminal conduct and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."  *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action.") (citations omitted); *Zhengxing v. United States*, 71 Fed. Cl. 732, 739 (2006) (same); *Perales v. United States*, 93 Fed. Cl. 495, 498 (2010) ("Plaintiff's numerous citations to other sections of the United States Code, notably to Section 18 of the United States Code on Crimes and Criminal Procedure, confer no jurisdiction on the court."); *Fanelli v. United*

11

*States*, 146 Fed. Cl. 462, 466–67 (2020) (dismissing a criminal law claim under 18 U.S.C. § 1341 for lack of subject matter jurisdiction); *Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016) (noting 18 U.S.C. § 1341 does not mandate the payment of "money to an individual for non-tortious conduct"); *Sepehry-Fard v. United States*, No. 22-225C, 2022 WL 17335931, at *3 (Fed. Cl. Nov. 30, 2022) (concluding the court lacks jurisdiction over the federal criminal code including 18 U.S.C. § 1512); *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (noting 18 U.S.C. § 242 is not a money-mandating statute); *Rodgers v. United States*, 153 Fed. Cl. 538, 542 (2021) (dismissing criminal law claims under 18 U.S.C. §§ 1961–1968); 15 U.S.C. § 78ff (providing criminal penalties for statutory violations concerning securities exchanges). Accordingly, this Court **DISMISSES** Plaintiff's criminal law claims for lack of subject matter jurisdiction.

### IV.     Plaintiff's Fraud Claim Must Be Dismissed

Plaintiff's Complaint further states that Defendant "conspired with its agencies to defraud the Plaintiff of her rights and property." Compl. at 3. To the extent Plaintiff intended to allege a tortious fraud claim, this Court lacks jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim . . . in cases not sounding in tort."); *see also Carter v. United States*, No. 2020-1452, 2020 WL 8474618, at *1 (Fed. Cir. Apr. 30, 2020) (concluding a fraud claim "sound[s] in tort" and is "thus outside the Claims Court's limited jurisdiction"); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). To the extent Plaintiff intended to bring a criminal fraud claim, this Court lacks jurisdiction over criminal claims for the reasons provided above. *See supra* Discussion Section III. Accordingly, this Court **DISMISSES** Plaintiff's claim of fraud.

### V.     Plaintiff's Myriad Statutory Violation Claims Must Be Dismissed

Plaintiff's Complaint alleges myriad statutory violations by Defendant, including violations of 15 U.S.C. § 1692e; 28 U.S.C. § 1359; and 42 U.S.C. § 1985.  As this Court lacks jurisdiction over claims brought pursuant to each of these statutes, Plaintiff's claims must be dismissed.

15 U.S.C. § 1692e concerns "false, deceptive, or misleading representation[s]" by debt collectors.  However, federal employees are expressly excluded from the definition of "debt collector" established in 15 U.S.C. § 1692a(6)(C), so section 1692e affords Plaintiff no relief against Defendant.  Furthermore, claims under 15 U.S.C. § 1692 *et seq.* — enacted by the Fair Debt Collections Practices Act (FDCPA) — typically fall outside of this Court's jurisdiction because the FDCPA contains its own remedial framework.  It is well-established that "statutory schemes with their own remedial framework exclude alternative relief under the general terms of the Tucker Act."  *United States v. Bormes*, 568 U.S. 6, 14 (2012); *see also id.* at 15 ("Plaintiffs cannot, therefore, mix and match FCRA's provisions with the Little Tucker Act's immunity waiver to create an action against the United States.").  As part of its remedial framework, FDCPA section 1692k provides that "[a]n action to enforce any liability created by this subchapter may be brought in an appropriate United States district court."  15 U.S.C. § 1692k(d).  Because Plaintiff may seek relief — to the extent any exists — according to the terms of the FDCPA, the FDCPA "displaces the Tucker Act and thus deprives this court of jurisdiction."  *Ali v. United States*, No. 19-586C, 2019 WL 3412313, at *5 (Fed. Cl. July 29, 2019) (citing *Bormes*, 568 U.S. at 15); *see also Kent v. United States*, No. 20-717C, 2020 WL 3579998, at *2 (Fed. Cl. June 30, 2020).

28 U.S.C. § 1359 revokes a district court's jurisdiction where a party "has been improperly or collusively made or joined to invoke the jurisdiction of such court," and is not money-mandating. This Court thus lacks jurisdiction over Plaintiff's 28 U.S.C. § 1359 claim. *See Todd*, 386 F.3d at 1094 ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."). To the extent Plaintiff's invocation of this statute is a request for this Court to review the actions of the District Court during a prior litigation, this Court lacks jurisdiction to conduct such a review. *See Garcia v. United States*, 629 F. App'x 951, 953 (Fed. Cir. 2015) (per curiam) ("The Court of Federal Claims . . . does not have jurisdiction to review the judgments of the United States district courts or circuit courts.") (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015)).

42 U.S.C. § 1985[3] concerns violations of civil rights law, which fall within the jurisdiction of the district courts rather than this Court. *See* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights."); *see also id.* § 1343(a)(1)–(2) (stating the district courts shall have original jurisdiction over violations of 42 U.S.C. § 1985); *Boston v. United States*, No. 22-1880C, 2022 WL 17986135, at *3 (Fed. Cl. Dec. 29, 2022); *Lewis v. United States*, 147 Fed. Cl. 189, 192 (2020). Accordingly, this Court **DISMISSES** Plaintiff's claims brought pursuant to 15 U.S.C. §§ 78ff, 1692e; 28 U.S.C. § 1359; and 42 U.S.C. § 1985 for lack of jurisdiction.

---

[3] While Plaintiff's Complaint alleges Defendant violated "42 U.S.C. § 1985-1," no such statute exists. Compl. at 2. This Court thus reads the Complaint as alleging a violation of 42 U.S.C. § 1985.

### VI.     Plaintiff's Claims First Raised in Her Response Must Be Dismissed

Plaintiff's Response raised for the first time claims alleging violations of 15 U.S.C. §§ 1, 1692f; 15 U.S.C. § 1601 *et seq.*; 18 U.S.C. § 1001; 33 U.S.C. § 931(c); and U.C.C. 1-304.  Resp. at 1–6.  Because these claims "[were] not properly raised" in the Complaint, Plaintiff "waived any claim [she] may have against the government based on such [theories]." *Casa de Cambio Comdiv S.A. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002); *see also Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) ("[D]istinct claims are waived if not pled in a complaint."). Accordingly, this Court **DISMISSES** these claims as having been waived by Plaintiff.

### VII.     Plaintiff's Miscellaneous Jurisdictional Arguments Are Unavailing

Plaintiff cites several statutory provisions that allegedly provide this Court with subject matter jurisdiction over her claims.  *See* Compl. at 2; Resp. at 1.  Upon review, none of these statutes confer such jurisdiction.  First, 28 U.S.C. § 1331 provides the districts courts — not this Court — with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("The Court of Federal Claims is not a district court of the United States . . . ."); *Allbritton v. United States*, 178 F.3d 1307, 1307 (Fed. Cir. 1998) (per curiam) (noting 28 U.S.C. § 1331 does not confer jurisdiction on the Court of Federal Claims); *Rodgers v. United States*, 153 Fed. Cl. 538, 541 (2021) (same).  Second, while 28 U.S.C. § 1346(a)(1) provides this Court and district courts with concurrent original jurisdiction over civil actions against the United States for recovery of taxes and penalties under internal-revenue laws, Plaintiff's Complaint does not allege a claim pursuant to such laws.  *See generally* Compl.  Third, 28 U.S.C. § 1346(b)(1) confers jurisdiction upon certain federal courts — but not this Court — over civil actions "for injury or loss of property, or

personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Fourth, 15 U.S.C. § 1681p of the Fair Credit Reporting Act (FCRA) does not confer jurisdiction on this Court because, like the FDCPA, it contains its own "detailed remedial scheme" that "exclude[s] alternative relief under the general terms of the Tucker Act." *Bormes*, 568 U.S. at 14–15 (prohibiting use of FRCA and the Tucker Act to "create an action against the United States"); *King v. United States*, 112 Fed. Cl. 396, 401 n.6 (2013) (citing *Bormes*, 568 U.S. at 14 n.5, for the proposition that "the federal district courts have displaced the [Court of Federal Claims] under FCRA"). Finally, as discussed above, 28 U.S.C. § 1359 does not grant jurisdiction to any court; rather, it limits the jurisdiction of district courts. 28 U.S.C. § 1359 ("A district court shall *not* have jurisdiction . . . .") (emphasis added).

None of these statutes affords this Court jurisdiction to hear claims relating to contract violations between private parties, violations of non-money-mandating provisions of the Constitution, criminal law violations, fraud, or the myriad statutory violations alleged by Plaintiff's Complaint. Accordingly, Plaintiff's arguments that this Court has jurisdiction under the aforementioned statutes are without merit.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** pursuant to Rules 12(b)(1) and 12(h)(3) without leave to replead. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

16